WELLS FARGO BANK, N.A., Plaintiff-Respondent,

v.

James J. BIBA, Defendant-Appellant,

Lisa S. CLASON, Defendant.

Court of Appeals

*No. 2009AP2273. Submitted on briefs August 6, 2010.
—Decided September 16, 2010.*

2010 WI App 140

(Also reported in 793 N.W.2d 95.)

Before Vergeront, P.J., Lundsten and Blanchard, JJ.

¶ 1. LUNDSTEN, J. This appeal involves a mortgage foreclosure action initiated by Wells Fargo Bank concerning a residential property owned by James Biba and Lisa Clason. Neither Biba nor Clason filed an answer, and the action proceeded to a foreclosure sale and confirmation of that sale. After the foreclosure sale was confirmed, Biba appeared for the first time and asked the circuit court to invalidate the confirmation. Biba argued then, and now on appeal, that there are statutory confirmation requirements—notice, a motion, and a hearing—that apply in all situations before a court may confirm a foreclosure sale. Biba contends that, because these requirements were not met here, the circuit court's order confirming the foreclosure sale is invalid. We disagree and affirm the circuit court.

## Background

¶ 2. In December 2007, Wells Fargo filed a complaint seeking foreclosure of homestead property belonging to Biba and Clason after Biba and Clason had defaulted on a mortgage held by Wells Fargo. Both Biba and Clason were served, but neither filed an answer or otherwise appeared. The circuit court entered a default judgment of foreclosure and directed that the property be sold at public auction.

¶ 3. At auction, Wells Fargo was the winning bidder. The circuit court received a "sheriff's report of sale on foreclosure" indicating that this sale had occurred. An attorney for Wells Fargo submitted a letter

789

to the court, requesting that it sign an order confirming the sale. No party had appeared, and Wells Fargo did not give notice to any party.

¶ 4. In May 2009, without a hearing, the circuit court issued an order confirming the sale. About three weeks later, Biba moved the circuit court to vacate the confirmation order. The court denied the motion, and Biba appeals.

### Discussion

¶ 5. Biba contends that WIS. STAT. § 846.165(1) (2007–08)[1] contains three prerequisites to the confirmation of a foreclosure sale: notice, a motion for confirmation, and a confirmation hearing. He argues that these requirements always apply, regardless whether any party has appeared. We disagree.

■■

¶ 6. The application of a statute to undisputed facts is a question of law that we review *de novo*. *JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 11, 311 Wis. 2d 715, 753 N.W.2d 536. We apply the following principles:

> When we construe a statute, we begin with the language of the statute. We interpret the language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes[.]" If we conclude the statutory language is plain, then we apply its plain meaning. If we conclude it is ambiguous—that is, capable of being understood by reasonably well-informed persons in two or more senses—then we must resolve the ambiguity.

*Id.*, ¶ 24 (citations omitted).

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

## A. Notice Of Confirmation

¶ 7. Biba concedes that, under WIS. STAT. § 846.165(1), neither he nor anyone else was entitled to *personal* service of notice. Biba nonetheless maintains that the statute requires some sort of notice, suggesting, for example, that Wells Fargo was required to post or publish a general notice of a confirmation hearing. We disagree.

¶ 8. Section 846.165(1) consists of two sentences. The first sentence states: "No sale on a judgment of mortgage foreclosure shall be confirmed unless 5 days' notice has been given to all parties that have appeared in the action." The second sentence refers back to the notice in the first sentence and divides this notice requirement into two possible scenarios: when an appearing party's post office address is known, the statute directs that notice "be given either personally or by registered mail"; when an appearing party's post office address is unknown, the statute directs that "mailing may be dispensed with but an affidavit shall be filed with the court stating that the address is not known." *Id.* The second sentence concludes with a description of what a notice must contain. *Id.*[2]

---

[2] WISCONSIN STAT. § 846.165(1) states, in full:

(1) No sale on a judgment of mortgage foreclosure shall be confirmed unless 5 days' notice has been given to all parties that have appeared in the action. Such notice shall be given either personally or by registered mail directed to the last-known post-office address, mailed at least 5 days prior to the date when the motion for confirmation is to be heard, if any post-office address is known; if not known, mailing may be dis-

¶ 9.　It is clear that the notice referred to throughout section 846.165(1) is the notice of the first sentence, namely, the notice that must be "given to all parties *that have appeared* in the action" (emphasis added). Biba does not contend that any party "appeared" within the meaning of the statute and, consequently, he concedes that no party was entitled to personal notice.

¶ 10.　Instead, Biba asserts that, when no party is entitled to personal notice, section 846.165(1) somehow requires a general posting or publication of notice. The only statutory notice requirement, however, is that notice must be given to a party that has appeared. The omission of any public notice requirement is telling because it stands in contrast to related statutes, such as Wis. Stat. § 846.10(2) that sets forth the general procedure for foreclosure sales and expressly provides for public notice. Similarly, Wis. Stat. § 846.101(2), the more specific foreclosure sale statute used by Wells Fargo here, also contains an express public notice requirement.

¶ 11.　Accordingly, we reject Biba's notice argument.

### B. Confirmation Hearing

■■

¶ 12.　Biba argues that Wis. Stat. § 846.165(1) requires a confirmation hearing, regardless whether the statute requires notice. He contends that a confir-

pensed with but an affidavit shall be filed with the court stating that the address is not known, and the notice shall state, in addition to other matter required by law, the amount of the judgment, the amount realized upon the sale, the amount for which personal judgment will be sought against the several parties naming them, and the time and place of hearing.

mation hearing is always a statutory prerequisite to a valid confirmation. We are not persuaded.

¶ 13. Nothing in section 846.165(1) suggests that there is a general hearing requirement. Rather, the only possible hearing requirement is triggered by the need to give an appearing party notice. In that situation, the statute may indirectly require a hearing in that the statute assumes that a hearing will be held. The statute directs that "notice [to parties that have appeared] shall be . . . mailed at least 5 days prior to the date when the motion for confirmation *is to be heard*" and that "the notice shall state . . . *the time and place of hearing.*" WIS. STAT. § 846.165(1) (emphasis added). If, as this statutory language directs, the notice must be mailed before a hearing and must contain the time and place of a hearing, then it may be that the legislature intended to require a hearing when an appearing party is entitled to notice.

¶ 14. Apart from this possible implicit hearing requirement when notice is required, a topic not at issue here, there simply is no general hearing requirement in the statute. Indeed, the only express statutory prerequisite to a valid confirmation is compliance with the notice requirement. *See* WIS. STAT. § 846.165(1) ("No sale on a judgment of mortgage foreclosure shall be confirmed unless . . . notice has been given to all parties that have appeared in the action.").

¶ 15. Biba does not and cannot point to statutory language supporting a general hearing requirement. Instead, Biba offers observations about the statute's purposes. For example, he argues that the statute serves to safeguard "property rights of individuals" and, more specifically, to ensure that property is sold for "a fair market value." Biba, however, misses the mark. Homeowners subject to foreclosure, like Biba, and other

interested parties can protect their interests in a fair value sale by making an appearance.[3] To the extent Biba is suggesting that holding a hearing increases the chances that a member of the general public will step forward and help ensure that only fair value sales are confirmed, Biba does not provide any reason why that might be true. More to the point, there is no statutory language indicating that the legislature thought that a hearing was always necessary.

¶ 16. In sum, we reject Biba's assertion that there is a general hearing requirement that applies even when no notice of a hearing is required.

## C. Motion For Confirmation

¶ 17. Finally, Biba argues that WIS. STAT. § 846.165(1) contains a motion-for-confirmation requirement. Applied here, he asserts that Wells Fargo was statutorily required to file a motion seeking confirmation. Once more we disagree.

¶ 18. Section 846.165(1) states: "Such notice shall be given . . . prior to the date when *the motion for confirmation* is to be heard . . . ." (Emphasis added.) As with the statute's references to a hearing, the reference to a motion appears solely in the context of the statute's notice requirement. And, as with the need for a hearing,

---

[3] Here, it is unclear whether Biba made a strategic decision not to appear. When he sought to invalidate the confirmation of the sale, Biba argued to the circuit court that the failure to schedule and hold a hearing affected him because he was tracking the case's progress, and "it was his concept to file a Chapter 13 [bankruptcy] proceeding[] prior to the Confirmation Order." We note that this "concept" has nothing to do with assuring that the sale was a fair value sale.

in the absence of facts requiring notice, the statute does not arguably impose a general requirement that a motion for confirmation be filed.

¶ 19. Moreover, Biba does not explain why a formal motion, rather than, for example, the letter sent to the court in this case, would further any goal of the statute. We acknowledge that a motion might serve some other purpose, such as notifying the court that the time is ripe to confirm a sale. But it does not follow that a motion is the only means of accomplishing that purpose, much less that the statute *requires* a motion in all instances.

¶ 20. Thus, we conclude that section 846.165(1) does not contain a general motion-for-confirmation requirement. It follows that Wells Fargo's failure to file a motion for confirmation does not affect the validity of the confirmation of the sale here.

### *Conclusion*

¶ 21. For the reasons stated above, we affirm the circuit court's order.

*By the Court.*—Order affirmed.